UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE LARRY OWEN,

    Plaintiff,                              CIVIL ACTION NO. 05-CV-73442-DT

  v.

                                      DISTRICT JUDGE ARTHUR J. TARNOW
COMMISSIONER OF                      MAGISTRATE JUDGE DONALD A. SCHEER
SOCIAL SECURITY,

    Defendant.
    _____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant remained capable of performing a restricted range of medium work activity.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on May 7, 2002, alleging that he had been disabled and unable to work since June 6, 1998, at age 54, due to hepatitis and recurrent mental depression. Benefits were denied, initially and upon reconsideration, by the Social Security Administration.  A requested de novo hearing was held on February  19, 2004, before Administrative Law Judge Ethel Revels.  The ALJ subsequently determined that the claimant was not entitled to disability benefits because he retained the residual functional

capacity to perform a restricted range of medium, unskilled work. The ALJ found that the claimant could perform simple routine tasks in low stress work environments with no close contact with either co-workers or the general public. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

      Plaintiff was 60 years old at the time of the administrative hearing (TR 205).  He had been graduated from high school, and had completed two years of college (TR 206). The claimant had been employed as a certified substance abuse counselor and therapist during the relevant past (TR 72, 206-207).  As a drug therapist, claimant alternated between sitting and standing for most of the workday.  He had to lift about 10 pounds on a regular basis (TR 73). Claimant stopped working in 1999, when he was fired for audio taping conversations he had with supervisors (TR 208).

      Plaintiff testified that he was disabled and unable to return to work due to mental depression, which allegedly made him unable to concentrate, think clearly, or function normally (TR 209-210). Claimant indicated that he had little energy, and spent many days in bed with no motivation to do anything productive (TR 210).
Plaintiff estimated that he could not walk more than a block before becoming fatigued, and he was able to stand for about ten minutes.  The claimant added that he could sit for prolonged periods, but only if he was wrapped in a blanket and given a heating pad (TR 212-213).  Other  impairments which prevented claimant from returning to work

included hepatitis C and arthritis (TR 213).  As a result, Plaintiff doubted that he could lift more than five pounds with his right hand (TR 213).

A Vocational Expert, Samuel Goldstein, testified that Plaintiff could not return to his past relevant work as a drug counselor if he was unable to handle stressful work situations or deal with the general public (TR 217).  If he were capable of medium work activity, the witness said that there were numerous unskilled assembly, packaging and inspection jobs that Plaintiff could perform, so long as he was provided with a sit-stand option (TR 217). Addressing claimant's moderate inability to understand, remember and carry out detailed instructions, the Vocational Expert explained that these jobs involved simple, routine tasks in low stress work environments with no contact with the general public and minimal contact with co-workers (TR 218).

## LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of depression and hepatitis C, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's impairments precluded him from work involving more than unskilled tasks, but found that he still retained the residual functional capacity to perform a restricted range of medium work activity, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action.  Judicial review of those decisions is limited to determining

whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains he is disabled as a result of a severe mental depression that prevents him from concentrating and thinking clearly enough to perform substantial gainful activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2005).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff remained capable of performing a significant number of jobs in the economy. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of a disabling mental disorder. Although the Law Judge found the presence of a mental impairment identified in the A criteria (mental depression), the evidence failed to establish significant functional limitations identified in the four categories of the "B" criteria.

The evidence of record shows that Plaintiff remains capable of performing a variety of daily activities and that he is able to communicate effectively with others.[1] Daily activity sheets submitted to the SSA indicated that Plaintiff could perform routine household chores, read up to seven meditation books a day, and work in his garden (TR 88-90, 92). Moreover, he reportedly was a community activist, and helped his neighbors organize a security watch group (TR 90-91). While Plaintiff allegedly had difficulty interacting with others due to depression, he enjoyed visiting with friends, playing chess and attending weekly club meetings (TR 92-93).  Dr. N.K. Vora, a consulting psychiatrist, reported that Plaintiff's speech was coherent and relevant, and that he denied experiencing any delusions, hallucinations or suicidal ideation.  Dr. Vora added that the claimant was well oriented, had a good memory and judgment, and was able to concentrate (TR 113-114).

---

[1]The first area of the B criteria, known as "activities of daily living", includes cleaning, shopping, cooking, maintaining a  residence, using the telephone and caring for one's grooming and hygiene. The second area, social functioning, refers to an individual's capacity to interact appropriately and communicate effectively with others, including family, friends and merchants.

Given this evidence, the Law Judge reasonably determined that claimant's daily activities and social functioning were, at most, moderately restricted.

While Plaintiff alleged that his depression interfered with his memory and ability to concentrate,[2] he also indicated that he was able to read for three hours at a time (TR 88). The ability to read for prolonged periods stands in sharp contrast to his allegation that he suffered from a complete inability to concentrate. Dr. Vora reported that Plaintiff demonstrated adequate memory and was able to identify current and past presidents as well as several large cities (TR 114). Similarly, Dr. Vora observed that the claimant repeated six digits forward and backward, recalled three out of three objects after three minutes, and performed calculations correctly (TR 115). Furthermore, the claimant's ability to work in his garden, read, attend daily AA meetings, and organize neighborhood watch groups (TR 89-91) suggests that he remains capable of at least a minimal level of concentration as would be required for performing the unskilled jobs identified by the Vocational Expert.

The last area of function under the "B" criteria is deterioration or decompensation in work or work-like settings, which refers to the "repeated failure to adapt to stressful circumstances which cause the individual either to withdraw from that situation or to experience exacerbation of signs or symptoms." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(4). Plaintiff testified that he was unable to work because he was unable to concentrate or think clearly (TR 209-210). There was no indication that he was unable to

---

[2]The third area of function evaluated under the "B" criteria is concentration, persistence, and pace, which refers to the "ability to sustain focused attention sufficiently long to permit the timely completion of tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(3).

6

adapt to stressful situations. The claimant's mood disorder was no doubt made worse by his prior drug and alcohol abuse. Now that he no longer uses either substance, his mood is reportedly under better control. Plaintiff's ability to read for prolonged periods of time, and his assistance in helping friends overcome their own addictions (TR 89, 91), suggests that he does not suffer disabling anxiety, depression or anger. Furthermore, the types of unskilled jobs identified by the Vocational Expert (packaging, assembly, inspection) would not cause a great deal of stress. Neither would they require much concentration or attention span (TR 217). Consequently, the Law Judge properly found that the degree of limitation for each of the four B criteria was only moderate and not severe. As a result, Plaintiff did not meet the requirements of the Listing of Impairments.

Plaintiff suggests that the limitation to unskilled work was not sufficient to accommodate his concentration difficulties.  A state agency physician,[3] Dr. Blake, specifically noted that claimant's moderate limitation in maintaining attention and concentration would not interfere with his ability to perform unskilled work (TR 130-134). On a physical basis, another state agency medical reviewer found that the claimant could do work at a medium exertional level, despite suffering from hepatitis and arthritis[4] (TR 135-143).  The ALJ properly relied on the opinions of these "highly qualified...experts in the Social Security disability evaluation."  20 C.F.R. § 404.1527(f)(2))(I).

---

[3] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404 .1527(f)(2)(I) (2003).

[4] While Plaintiff complained of arthritic joint pain, there is no medical evidence in the record that he even reported arthritic symptoms, although some arthritis is not unusual at his age.

Plaintiff relies heavily upon the fact that his family physician described him as totally disabled in a form report submitted in February 2004 (TR 197-200). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).  However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  Since Dr. Aoigan offered no objective evidence to support his conclusion of disability, the opinion need not have been given any special weight[5]. Miller v. Secretary, 843 F.2d 221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered.  Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986). There was medical evidence on both sides, and having examined it, the undersigned is persuaded that substantial evidence supported the Law Judge's conclusion that Plaintiff's depression and hepatitis disorder were not disabling.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

---

[5]The family physician did not provide objective medical evidence to support the extreme limitations alleged. The only medical findings listed by the doctor were hepatitis, depression and chronic fatigue (TR 199).  As the ALJ correctly noted, the medical record contained no clinical explanation for the alleged fatigue. In fact, the clinic notes from a social worker treating claimant's depression reflect his feelings of anger and hopelessness, but do not mention any problems with fatigue (TR 186-195).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                              s/Donald A. Scheer
                              DONALD A. SCHEER
                              UNITED STATES MAGISTRATE JUDGE

DATED: March 6, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 6, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 6, 2006. **None.**
                        s/Michael E. Lang
                        Deputy Clerk to
                        Magistrate Judge Donald A. Scheer
                        (313) 234-5217